IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:14-CR-140-ALM-CAN-4 |
| FRITZ ALPHONSO OWENS (4) | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 22, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Michael Anderson.

On June 23, 2015, United States District Judge Amos L. Mazzant, III, sentenced Defendant to a term of sixty (60) months followed by three (3) years of supervised release. *See* Dkts. 148, 152. On September 26, 2019, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 250.

On December 1, 2020, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 239), alleging Defendant violated four conditions of supervised release. *See id.* On July 18, 2022, the U.S. Probation Officer filed the Amended Petition for Warrant or Summons for Offender under Supervision (the "Amended Petition") (Dkt. 250) to include the disposition of the charge in allegation 1. *See id.* On July 19, 2022, United States District Judge Amos L. Mazzant, III, ordered the Petition be amended to include the disposition of the charge in allegation 1. *See* Dkt. 251. The Amended Petition asserts

Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as Defendant is released from the program by the probation officer. *See* Dkt. 250.

The Amended Petition asserts Defendant violated the foregoing conditions as follows:

- On or about July 10, 2020, in Grayson County, Texas, Defendant committed the offense of Continuous Violence Against Family Member, a Third Degree Felony, in violation of Texas Penal Code, Section 25.11(e). Sherman Police met with Jennelle Nelson ("Ms. Nelson") who has been common law married to Defendant for 9 years. Officers immediately noticed several injuries to Ms. Nelson's face. Ms. Nelson stated she got a cut on her right-upper lip due to Defendant throwing an iPhone 11 at her face. Additionally, during a separate incident Ms. Nelson reported she sustained swelling and bruising to her eyes and nose area due to Defendant throwing a "charging box" at her face. On October 21, 2020, Defendant was Indicted on this charge in the 397th District Court in Grayson County, Texas, Docket No. 072630. On December 22, 2020, Defendant entered a plea of guilty, and he was sentenced to ten (10) years imprisonment.

- Defendant failed to report by the 5th day of the month, as instructed, during the month of April 2020. On March 4, 2020, and on April 7, 2020, Defendant submitted false monthly supervision reports when he claimed he was still employed at Packer Sanitation Service when he was no longer employed there.

- Defendant stopped working at Packer Sanitation Service on February 6, 2020; however, he failed to report this change in employment status to the probation officer as previously instructed. Defendant did not report this change of employment status until April 27, 2020.

- On September 26, 2019, Defendant was instructed to call a notification line and report for drug testing as instructed as part of the U.S. Probation Office's random drug testing program. On December 21, 2019, and on February 8, 2020, Defendant failed to report to OnScene Drugscreens for random drug testing.

On February 22, 2023, the Court conducted a final revocation hearing on the Amended Petition. *See* Dkt. 262. Defendant entered a plea of true to allegations one through four, consented

2

to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See* Dkts. 262, 263. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the February 22, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run consecutively with any other term of imprisonment, with no term of supervised release to follow. The Court further recommends Defendant be placed at either FCI Seagoville in Seagoville, Texas, or FCI Fort Worth in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 23rd day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE